UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────X   For Online Publication Only
VICKIE PONZEKA AND PAUL
PONZEKA,

                Plaintiffs,

       -against-   **MEMORANDUM & ORDER**
                                                                                                                                                          18-cv-5759 (JMA) (ARL)
BAYER HEALTHCARE, LLC AND
WALMART STORES, INC.,

                Defendants.
──────────────────────────────────X

**APPEARANCES:**

Ted J. Tanenbaum
Ted J Tanenbaum P.C.
405 RXR Plaza
Uniondale, NY 11556
    *Attorney for Plaintiffs*

Benjamin R. Nagin
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
    *Attorney for Defendant Bayer Healthcare, LLC*

Patricia A. O'Connor
Brody, O'Connor & O'Connor, Esqs.
7 Bayview Avenue
Northport, NY 11768
    *Attorney for Defendant Walmart Stores, Inc.*

**AZRACK, United States District Judge:**

    Plaintiffs Vickie Ponzeka and her husband, Paul Ponzeka, (collectively, "Plaintiffs") sued Defendants Bayer Healthcare, LLC ("Bayer"), and Walmart Stores, Inc. ("Walmart") (collectively, "Defendants") seeking to recover for injuries that Ms. Ponzeka allegedly suffered stemming from a container of Coppertone sunscreen that she handled in a Walmart store. Currently pending are Plaintiffs' motion to amend to file a Second Amended Complaint

("SAC") and Defendants' motions to dismiss. Plaintiffs' motion to amend is GRANTED. The Court has considered the SAC in light of the arguments raised in Defendants' motions to dismiss. Walmart's motion to dismiss is GRANTED. Bayer's motion to dismiss in GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

After Plaintiffs filed this action in state court, Defendants removed the action to this Court on the basis of diversity jurisdiction.

Walmart filed an answer prior to removal. After the case was removed, Bayer filed a pre-motion conference letter with the Court, seeking to dismiss Plaintiff's claims. Bayer argued that Plaintiffs' claims are not plausible under Ashcroft v. Iqbal, 556 U.S. 662 (2009). Bayer stressed that the complaint's allegations concerning the alleged incident and Ms. Ponzeka's injuries were too conclusory to plausibly allege causation. Bayer also argued that, not only was it difficult to discern the specific causes of action Plaintiffs were pursuing, but Plaintiffs also failed to plausibly allege, under any potential theory, design defect, manufacturing defect, or failure to warn claims. (ECF No. 10.) The parties then agreed to permit Plaintiffs to file an amended federal complaint. (ECF No. 12.) Plaintiffs' first amended complaint (the "FAC") included some minor changes, specifying the causes of action they are pursuing. (ECF No. 14.) Specifically, the FAC alleges claims against Bayer for negligence, failure to warn, strict liability, breach of implied warranty of merchantability and fitness, and design defect. The FAC alleges negligence and failure to warn claims against Walmart. (Id.) The allegations in the FAC concerning the incident in question are similar to the allegations in original complaint.

In response to the FAC, both Bayer and Wal-Mart filed pre-motion conference letters

seeking to dismiss the FAC for failing to plausibly allege causation and other necessary elements of Plaintiff's claims. In response, Plaintiffs filed their own pre-motion conference letter in which they requested permission to amend the complaint to add one additional paragraph to explain how the accident had occurred. Defendants responded to Plaintiffs' letter, arguing that her proposed amendment fails to cure the earlier complaint's deficiencies concerning causation and did not even attempt to cure the other pleading deficiencies raised in Defendants' earlier pre-motion conference letters.

The Court then waived the pre-motion conference requirement and directed the parties to brief Defendants' motions to dismiss and Plaintiffs' motion to amend.

Plaintiffs' motion to amend concerns a Second Amended Complaint ("SAC"), which adds only the following paragraph:

> At all times mentioned herein, the Plaintiff, VICKIE PONZEKA was seeking to buy a Bayer suntan lotion on July 1, 2018 and reached for the subject Coppertone Sport Suntan Lotion manufactured and distributed by Bayer Healthcare LLC and offered for sale by Walmart Stores Inc. Plaintiff reached for the suntan lotion can and as she took the can off the shelf, said can slipped from her fingers dropping to the floor and when it landed on the floor, the top of the can blew off spewing suntan lotion all over the plaintiff and the floor and as a direct result plaintiff slipped on said suntan lotion causing her to suffer serious injuries, including a subdural hematoma since she landed on her head. The defendant Bayer Healthcare LLC supplied the suntan lotion and defendant Walmart Stores Inc. placed it upon its shelf for sale to the public including the plaintiff. (See attached photograph of exploded top from the exact can involved.)

(SAC ¶ 12; see also id. ¶ 10 (noting that the container exploded after "it fell to the floor").)

Plaintiffs' motion to amend also includes two photographs of the exploded can. In response to the motion to amend, Defendants filed a brief submission stating that they do not oppose Plaintiffs' motion to amend, but that if the Court grants Plaintiffs' motion, Defendants will move to dismiss the SAC. Plaintiffs responded to Defendants' submission with a

3

photograph of a non-exploded can of Coppertone suntan lotion and mention, in their reply papers, that the suntan lotion container should have had a top.  Plaintiffs' reply also requests that if the Court were to dismiss the SAC, it should do so without prejudice so that Plaintiffs can have an "opportunity to reframe the complaint against these Defendants."  (Pls.' Reply ¶ 9.)

Concurrent with the briefing on the motion to amend, the parties briefed Defendants' motion to dismiss the first complaint.  Defendants' papers set out the relevant elements of each of the claims set forth in Plaintiffs' complaint and argue, with citations to relevant caselaw, that Plaintiff has not plausibly alleged any negligence or strict liability claims based on design defect, manufacturing defect, or failure to warn.  Defendants' papers also assert that Plaintiffs have not plausibly pled "Implied Warranty of Merchantability and Fitness" claims.  Plaintiffs' opposition papers say nothing about their strict liability or implied warranty claims.  The only specific cause of action addressed in Plaintiffs' papers on the motion to dismiss are Plaintiffs' negligence claims.  Plaintiffs' 4-page opposition brief states, in relevant part:

> The State law of New York requires basic elements of a cause of action in negligence and are identified as "(l) the existence of a duty on the defendant's part as to the plaintiff; (2) a breach of this duty, and (3) an injury to the plaintiff as a result thereof.  See Stukas v Strester, 83 A.O. 3d 18, 23 918 N.Y.S. 2d 176 (2nd Dept. 2011).
>
> In this case in the 1st amended complaint, it is stated that the duty of a retailer and distributor manufacturer of the subject product for sale (Coppertone Suntan Lotion) is clear as it was offered for sale to the general public at a Walmart store. Second, it is also clear in the initial pleading that the defendants are claimed to have breached this duty by not offering a safe product that exploded upon handling by plaintiff (a consumer). Third, plaintiff sustained severe injuries to her head when she slipped and fell in the lotion after it exploded. Thus, all three elements are stated in plaintiffs' 1st amended complaint particularly when using the standard of liberal construction afforded to plaintiffs at this stage of litigation. No discovery has taken place and defendants have not even answered. To repeat, [dismissal is] much too drastic a remedy.

4

(Pls.' Opp. to Mot. to Dismiss at 2–3.) Defendants' reply papers stress that the SAC also fails to allege plausible claims.

As Defendants have not opposed Plaintiffs' motion to amend, the Court grants that motion and treats Plaintiffs' SAC as the operative complaint. As explained below, the SAC fails to remedy certain deficiencies in the FAC that Defendants raised in their motion to dismiss and their earlier pre-motion conference letters. Because the relevant arguments Defendants raise apply equally to the SAC, the Court finds that no further briefing is warranted and will simply address the sufficiency of the SAC based on those arguments.

## II. DISCUSSION

### A. Standard for Motion to Dismiss

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555. In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

Courts have applied Iqbal to dismiss products liability claims that fail to plead plausible claims. See, e.g., Oden v. Bos. Sci. Corp., 330 F. Supp. 3d 877, 904 (E.D.N.Y. 2018) (dismissing and denying leave to amend), adhered to on reconsideration, No. 18-CV-334S, 2019 WL 1118052 (E.D.N.Y. Mar. 11, 2019); Guariglia v. Procter & Gamble Co., No.

15-CV-4307, 2018 WL 1335356, at *4 (E.D.N.Y. Mar. 14, 2018).

Plaintiffs' first and second amended complaints make clear that she is only pursuing negligence and failure-to-warn claims against Wal-Mart. As explained below, the Court dismisses Plaintiffs' negligence claims against Walmart and their failure to warn claims against both Defendants. The Court denies the remainder of Bayer's motion to dismiss and also denies Plaintiffs' request to file a third amended complaint.

**B. Negligence Claim Against Wal-Mart**

Under New York law,

> [a] retailer is not generally liable in negligence for the sale of a defective product. However, it is under a duty to inspect for and discover such defects as a reasonable physical inspection would disclose. Thus, [a] retailer need not ordinarily inspect merchandise for latent defects . . . [and] when a defect is discoverable only by special tests or by an expert's examination, a retailer will generally not be liable for failure to discover.

Noveck v. PV Holdings Corp., 742 F. Supp. 2d 284, 299–300 (E.D.N.Y. 2010) (citations and internal marks omitted), aff'd, appeal dismissed sub nom. Noveck v. Avis Rent A Car Sys., LLC, 446 F. App'x 370 (2d Cir. 2011); see also 86 N.Y. Jur. 2d Products Liability § 47 ("A wholesaler, retailer, or distributor can be held liable in negligence for the sale of defective products or for failure to warn only if it fails to detect dangerous conditions that it could have discovered during the course of normal inspection while the product was in its possession."). Additionally, "[a] vendor who purchases products from a reputable source of supply has reasonable grounds for believing the products to be free from defects." Krumpek v. Millfeld Trading Co., 709 N.Y.S.2d 265, 267 (N.Y. App. Div. 4th Dep't 2000).

With respect to Walmart's purported negligence, the SAC alleges, in conclusory fashion, that:

> The occurrence aforementioned was caused by the negligence of Defendant

6

> WALMART STORES, INC. in that said Defendant did so negligently and carelessly distribute aid product known as a "Coppertone Sunscreen spray 8.3 oz container" to the general public; failed and neglected to make any or adequate inspection of said product aforementioned; failed and neglected to make any or adequate tests of said product aforementioned; failed to anticipate and/or guard against the potential of the happening of the occurrence complained of herein; failed to give any or adequate warning of the dangerous and defective condition of said product handling aforementioned to avoid the occurrence herein.

(SAC ¶ 58.)

There are no facts alleged in the SAC to suggest that Walmart acted negligently in distributing the product at issue. Plaintiffs' allegations that Walmart failed to adequately inspect and test the product are also not plausible. Cf. Porrazzo v. Bumble Bee Foods, LLC, 822 F. Supp. 2d 406, 419–20 (S.D.N.Y. 2011) (dismissing negligent failure to warn claim against supermarket). In fact, Plaintiffs' allegations are refuted by the circumstances of the accident as described by Plaintiffs. Plaintiffs' factual allegations suggest a possible design defect or manufacturing defect. However, even if a design or manufacturing defect existed, Plaintiffs' allegations in the SAC indicate that any such defect was latent. The SAC does not plausibly allege that a defect in the product would have been discovered by a reasonable physical inspection.[1]

## C. **Failure to Warn**

Plaintiffs' failure-to-warn claims against both Wal-Mart and Bayer are also not plausible. As an initial matter, it is not clear from the complaint whether Plaintiffs' Seventh Cause of Action—the "failure to warn" claim against Wal-Mart—is premised solely on

---

[1] While none of Plaintiffs' complaints actually allege an alternative design, Plaintiffs suggest—in their reply papers for the motion to amend—that a cap should have been included on the container and that, somehow, the cap would have "contain[ed] the product lotion" after the container exploded and would have also prevented the explosion. (Pls.' Reply ¶ 6.) While it is plausible that this accident was the result of some design or manufacturing defect, the Court finds that Plaintiffs' passing mention, in its reply papers, to this dubious proposed design change does not warrant keeping Wal-Mart in the case, particularly given Plaintiffs' patently deficient briefing in response to the motion to dismiss.

7

negligence or seeks to allege failure to warn based on both negligence and strict products liability. (See SAC ¶ 65 ("The occurrence aforementioned was caused by the negligence of Defendant WALMART STORES, INC. in that said Defendant failed to give any or adequate warning of the dangerous and defective condition of said "Coppertone Sunscreen spray 8.3 oz container.")). Given that Plaintiffs' opposition papers only discuss negligence claims, it is reasonable for the Court to construe this claim as only alleging failure to warn under a negligence theory. As explained earlier, Plaintiffs have not plausibly alleged that Walmart could have discovered the dangerous condition during the course of a normal inspection while the product was in its possession. Accordingly, any failure-to-warn claim based on negligence also fails.

In any event, even assuming, arguendo, that the SAC seeks to advance a strict products liability failure-to-warn claim against both Wal-Mart and Bayer, any failure to warn claims—whatever the legal theory—are simply not plausible under the facts alleged here. It is, ultimately, the "plaintiff's burden to prove that defendant's failure to warn was a proximate cause of his injury and this burden includes adducing proof that the user of a product would have read and heeded a warning had one been given." Sosna v. Am. Home Prod., 748 N.Y.S.2d 548, 549 (N.Y. App. Div. 1st Dep't 2002) (citation omitted).

Plaintiffs have never alleged that Ms. Ponzeka would have read and heeded any warning on the container. Moreover, Plaintiffs' recitation of the incident indicates that Ms. Ponzeka never even had an opportunity to read any warning that might have been placed on the product as, upon picking up the sunscreen container, she dropped it. Plaintiff cannot plausibly plead that the failure to provide a warning caused the accident given that she accidentally dropped the container upon picking it up. (See also Pls.' Reply ¶ 6 ("When

8

Plaintiff removed the subject product from the shelf it slipped from her hand and came in contact with the floor which was maybe four (4) feet below the shelf."). The notion that—under the facts alleged here—some additional warning on a sunscreen container would have led Plaintiff to handle that container differently upon picking it up off a store shelf is simply not plausible.

### D. Remaining Claims Against Bayer

While Plaintiffs' remaining claims against Bayer are thin, the Court finds that these claims have been sufficiently pled to survive Iqbal.

### E. Leave to Amend

The Court denies Plaintiffs' request to file a third amended complaint. Plaintiffs already had two opportunities to amend their complaint in response to the arguments raised in Defendants' pre-motion conference letters. Plaintiffs did not even attempt to address the bulk of Plaintiffs' arguments in their first and second amended complaints. Moreover, Plaintiffs' patently deficient briefing on the motions further counsels against permitting a third amendment here.

**SO ORDERED.**
Dated:  March 31, 2021
      Central Islip, New York

                                                    /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE