FILED
CLERK
12/22/2022 8:55 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VICKIE PONZEKA AND PAUL PONZEKA,

                            Plaintiffs,                          **ORDER**
                                                                          18-CV-5759 (JMA) (ARL)

      -against-

BAYER HEALTHCARE, LLC AND
WALMART STORES, INC.,

                            Defendants.
------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      By letter motion dated December 16, 2022, Defendant Bayer Healthcare LLC ("Defendant") asked the Court to seal portions of Defendant's expert report which was attached as Exhibit 2 to Plaintiff Vickie Ponzeka's ("Plaintiff") October 31, 2022 motion to compel. ECF No. 69. Plaintiff does not oppose the motion. For the reasons set forth below, Defendant's motion is granted.

      This action arises out of Plaintiff's claim that she was injured while handling a container of Coppertone sunscreen in a Walmart store in October 2018. On October 31, 2022, Plaintiff filed a motion to compel the production of a report prepared by Defendant's expert after her inspection of the suntan lotion can at issue. ECF No. 63. Defendant opposed the production, arguing that the document was a draft report and its findings were incorporated into the expert's final report. On November 22, 2022, this Court denied Plaintiff's motion to compel. ECF No. 67. Shortly after the filing of Plaintiff's motion to compel, Plaintiff submitted a letter motion requesting the exhibits to the motion to compel be sealed. ECF No. 64. On November 4, 2022, the motion to seal was denied because Plaintiff failed to specify precisely what information was to be kept under seal and failed to make a particularized showing of good cause as to why the

Court should depart from the strong presumption against sealing any court records to public inspection.

On December 16, 2022, Defendant moved to seal portions of the expert report filed as Exhibit 2 to Plaintiff's motion, arguing that the portions sought to be sealed "contain proprietary business information related to the product's design, manufacturing, and testing." ECF No. 69. Defendant has provided a redacted version of the expert report to be filed in its place. *Id.* Plaintiff does not oppose the motion.

"The public and the press have a 'qualified First Amendment right to . . . access certain judicial documents.'" *Toolasprashad v. Toolasprashad*, 21-CV-4672, 2021 U.S. Dist. LEXIS 205238, 2021 WL 4949121, at *2 (E.D.N.Y. Oct. 25, 2021) (quoting *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir. 2006)) (additional citations omitted). Judicial documents include complaints, as well as other filings that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. However, "'the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'" *Id.* at 115 (quotation omitted). "In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Id*. (quotation omitted). Where documents are not "judicial," there is no presumption of public access. *Id*. at 119. Documents filed in connection with discovery disputes are not generally considered judicial documents. *See, e.g., Robinson v. De Niro*, No. 19-cv-9156, 2022 U.S. Dist. LEXIS 14384, at *12-13, 2022 WL 274677, at *4 (S.D.N.Y. Jan. 26, 2022) ("Thus, documents submitted in connection with discovery disputes typically are not covered by the same qualified right of access as judicial documents") (citing *Winfield v. City of New York*, 15-cv-5236, 2017 U.S. Dist. LEXIS 103612, 2017 WL 2880556,

\*3-4 (S.D.N.Y. July 5, 2017) (discussing different presumptions of access for documents submitted in connection with discovery disputes and those submitted in connection with dispositive motions and trial)); *Nichols v. Noom Inc.*, No. 20-CV-3677 (LGS) (KHP), 2021 U.S. Dist. LEXIS 43009 (S.D.N.Y. Mar. 8, 2021) ("While the Second Circuit has not explicitly ruled on this issue, this Court has previously found that documents and information submitted to the Court in connection with discovery-related disputes are not judicial documents"); *Bat LLC v. TD Bank, N.A. Defendants*, No. 15 CV 5839 (RRM) (CLP), 2019 U.S. Dist. LEXIS 246631, at \* 22, 2019 WL 13236131 (E.D.N.Y. Sep. 23, 2019) ("the public's interest in access to discovery documents is less than the presumption afforded documents submitted in connection with a dispositive motion") (citing cases).

The document at issue in the instant action was filed by Plaintiff in support of her motion to compel discovery. ECF No. 63. As noted by Defendant, the expert report cites from and analyzes confidential company documents containing proprietary business information concerning the testing and design of the subject product which constitutes proprietary business information. The expert report filed by Plaintiff played only a marginal role in the Court's determination of Plaintiff's motion to compel. Indeed, Defendants do not seek to seal the entire document, but rather have proposed the filing of an expert report redacted to protect confidential business information. Plaintiff does not oppose the request.[1] The Court finds the protection of the proprietary business information is appropriate here, particularly since the document at issue is not a judicial document and this is not a case of widespread public interest. Accordingly,

---

[1] "Simply because parties to a litigation agree the file should be sealed does not make it so." *Cont'l Indem. Co. v. Timothy Coffey Nursery/Landscape, Inc.*, No. 2:21-CV-0853 (JS) (JMW), 2022 U.S. Dist. LEXIS 26263, 2022 WL 445533 (E.D.N.Y. Feb. 14, 2022). However, given the nature of the document at issue here the Court has given some weight to Plaintiff's acquiescence to the sealing.

Defendant's motion if granted.  Exhibit 2 on ECF No. 63 shall be sealed and Exhibit A to Defendant's motion (the redacted expert report) shall be filed in its place.

Dated: Central Islip, New York  **SO ORDERED:**
      December 22, 2022

                                                  /s
                                    ARLENE R. LINDSAY
                                    United States Magistrate Judge